UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:25-cv-01327 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| TOP QUALITY ROOFING & | ) | **OPINION AND ORDER** |
| CONSTRUCTION, LLC., | ) | |
| | ) | |
| Defendant. | ) | |

The United States brought this action to collect civil penalties owed by Top Quality

Roofing & Construction, LLC to the United States Department of Labor, Occupational Safety

and Health Administration for uncontested violations of the Occupational Safety and Health Act

("OSHA"), 29 U.S.C. 651, *et seq.*, and associated regulations.  (Doc. 1 at ¶ 3.)[1]  Specifically,

Plaintiff seeks the three fine amounts imposed ($4,048.00, $2,892.00, and $4,048.00), which

total $10,988.00, plus interest, fees, and costs.  (*Id.* at ¶ 5.)

On June 25, 2025, Plaintiff filed the instant Complaint.  (Doc. 1.)  On July 11, 2025,

service was perfected on Top Quality Roofing & Construction.  (Doc. 8 at 50.)  Defendant has

not answered, responded, or otherwise participated in this case.

On February 9, 2026, the United States applied for entry of default judgment pursuant to

Rule 55(a).  (Doc. 9.)  On February 9, 2026, default was entered.  (Doc. 10.)  That same day, the

United States moved for default judgment pursuant to Rule 55(b)(1).  (Doc. 11.)

---

[1] For ease and consistency, briefing citations reflect the electronically stamped CM/ECF
document and PageID# rather than any internal pagination.  Complaint citations are to the
internal paragraph notations.

### I.  Legal Standard

Fed. R. Civ. P. 55 lays out a two-step process for obtaining default judgment against a properly served defendant who has not answered, pleaded, or otherwise responded to a complaint.  First, as is the case here, the plaintiff must apply for and obtain an entry of default.  FED. R. CIV. P. 55(a).  Second, if the plaintiff's claim is not "for a sum certain or a sum that can be made certain by computation," the plaintiff must move for a default judgment.  FED. R. CIV. P. 55(b).  Notably, once default is entered, all factual allegations in the complaint are accepted as true, including jurisdictional averments.  *United States v. Conces*, 507 F.3d 1028, 1038 (6th Cir. 2007); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1080 (6th Cir. 1990).  Accepting as true all well pleaded allegations does not extend to those pertaining to damages.  *New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, 44 F.4th 393, 403 (6th Cir. 2022).

An entry of default does not guarantee default judgment.  A plaintiff must still demonstrate the pleaded allegations are sufficient to support a finding of liability.  And the court must make an initial inquiry to confirm its jurisdiction.

Under Rule 55(b)(1), if the plaintiff seeks judgment "for a sum certain or a sum that can be made certain by computation," the plaintiff can ask the Clerk to enter default judgment.  FED. R. CIV. P. 55(b)(1).  "A claim for damages under Rule 55(b)(1) is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default."  *Nat'l Auto Grp., Inc. v. Van Devere, Inc.*, No. 5:20-CV-2543, 2021 WL 1857143, 2021 U.S. Dist. LEXIS 88508, at *3 (N.D. Ohio May 10, 2021) (internal citations and quotations omitted).  "Only when a party has failed to appear does Rule 55(b)(1) govern."  *Citizens Bank v. Parnes*, 376 F. App'x 496, 505 (6th Cir. 2010).  Here, the United States filed a motion with the Court seeking a sum certain under Rule 55(b)(1).  (Doc. 11 at 64.)

If "all of plaintiffs' default judgment claims cannot be determined under Rule 55(b)(1), the issue of default judgment must be decided under Rule 55(b)(2)." *Nat'l Auto Grp.*, 2021 U.S. Dist. LEXIS, 88508, at *8. A district court may hold a hearing on a motion for default judgment when necessary to conduct an accounting or determine the amount of damages. FED. R. CIV. P. 55(b)(2). But the rule does not require an evidentiary hearing if the materials and affidavit submitted demonstrate entitlement to damages and the amount sought. *Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009) (citation omitted).

## II.      Liability

Plaintiff properly pleaded jurisdiction pursuant to 28 U.S.C. § 1345 and 29 U.S.C. § 666(1). (Doc. 1 at ¶ 3.) The factual allegations, along with the averments that Defendant's time to challenge the OSHA fines and penalties have passed, sufficiently establish liability. (*Id.* at ¶¶ 5-7.)

## III.     Damages

Under Rule 55(b)(1), claims for a sum certain require an affidavit showing the amount due. FED. R. CIV. P. 55(b)(1). The United States submitted an affidavit confirming Top Quality Roofing & Construction owes $10,988.00 in principal, along with statutory interest of $741.31 and a statutory penalty of $2,169.00. (Doc. 11-1 at 66.) They also owe administrative fees of $5,042.07.[2] (*Id.*) The United States further attests Top Quality Roofing & Construction is neither a minor, incompetent person nor a member of the armed forces. (*Id.*)

---

[2] The Debt Collection Act of 1982 requires the assessment of an annual interest rate, to be determined by the Secretary of Treasury, to outstanding debts owed to the United States. In addition, 31 U.S.C. § 3717(e) allows for the assessment of "a charge to cover the cost of processing and handling a delinquent claim," as well as "a penalty charge of not more than 6 percent a year for failure to pay a part of a debt more than 90 days past due." 31 U.S.C. § 3717(e). 31 U.S.C. § 3711(g)(6) allows an agency operating a debt collection center to charge a fee sufficient to cover the full cost of collection of the owed charges, and that fee may be

The Date Statutory Interest Accrued: The United States seeks statutory interest which began accruing on the date the penalties amounted to a final order by OSHA.  (Doc. 11 at 64; Doc. 1-2 at 18.)  Penalties become a final order fifteen days after receipt of a citation if uncontested.  (Doc. 1-2 at 18; 29 U.S.C. § 659(a).)  No date is provided for when Top Quality Roofing & Construction received their citation and statutory interest began to accrue.  Without this date, the Court cannot determine whether the statutory interest sought by the United States is an accurate amount.

Statutory Interest Sought: Statutory interest is listed as both 1% and 2% of the principal in separate documents on the docket.  (*See* Doc. 1-2 at 18 (1%); Doc. 1-3 at 19 (2%).)  The Certificate of Indebtedness states OSHA "issued a Citation and Notice of Penalty against the DEBTOR . . . with an annual interest rate of 2.00%."  (Doc. 1-3 at 19.)  In contrast, the Debt Collection Invoice states, "[t]he current annual interest rate is 1%" and "will accrue from the date on which the penalty bec[omes] a final order."  (Doc. 1-2 at 18.)  The United States seeks 1% in statutory interest, but it also moves to collect the $18,940.38 listed in the Certificate of Indebtedness where a 2% statutory interest rate was used.  (Doc. 11-1 at 66.)  It therefore remains unresolved which statutory interest rate should be applied to Top Quality Roofing & Construction's OSHA penalties.

## IV.    CONCLUSION

For the reasons stated herein, the United States' Motion for Default Judgment is GRANTED with damages awarded as follows: $10,988 in principal, $2,169 in statutory penalties, and $5,042.07 in administrative fees, totaling $18,199.07.  The United States' request

---

considered costs pursuant to Section 3717(e).  31 U.S.C. § 3711(g)(6).

for statutory interest is DENIED.  If the United States intends to pursue statutory interest, it is

ORDERED to submit additional, clarifying information relative to its position on statutory

interest within 21 days of this Order.  Failure to do so will result in an entry of judgment in

Plaintiff's favor, exclusive of interest, and for the total amount of $18,199.07.

**IT IS SO ORDERED.**

Date: July 28, 2026

_____

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE